Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 418 | **DATE** | March 17, 2003 |
| **CASE TITLE** | *United States of America v. Kapp* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ☐ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, the Court finds that the Government's proffered coconspirator statements are conditionally admissible pursuant to Rule 801(d)(2)(E), subject to proof of the conspiracy at trial. See Santiago, 582 F.2d at 1131; Cox, 923 F.2d at 526.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 18 2003 date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | 103 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 MAR 17 PM 1:45 | | |
| RTS | courtroom deputy's initials | FILED-03 10 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | Hon. Blanche M. Manning |
| v. ) | |
| ) | 02 CR 418-1 |
| WILLIAM R. KAPP ) | |
| ) | |

DOCKETED
MAR 1 8 2003

## MEMORANDUM AND ORDER

The Government indicted Defendant William R. Kapp for violating the Endangered Species Act (16 U.S.C. §§ 1531, et seq.) ("the ESA") and the Lacey Act (16 U.S.C. §§ 3371, et seq.) and for conspiring to violate these acts, in violation of 18 U.S.C. § 371, for allegedly engaging in the slaughter and interstate sale of endangered wildlife, specifically tigers and leopards. The present matter comes before this Court on the Government's written proffer, pursuant to United States v. Santiago, 582 F.2d 1128 (7th Cir.1987), supporting the admissibility of coconspirators' under FRE 801(d)(2)(E).[1]

Under FRE 801(d)(2)(E), statements made by a coconspirator of a defendant during the course of and in furtherance of the conspiracy are not hearsay when offered against a defendant. Before allowing coconspirator statements into evidence, however, the government must demonstrate by a preponderance of the evidence that it is "more likely than not" that: "(1) a conspiracy existed, (2) the defendant and the declarant were members thereof, and (3) the proffered statements were made during the course of and in furtherance of the conspiracy." United States v. Cox, 923 F.2d 519, 516 (7th Cir.1991). In making this determination, the court "may examine the hearsay statements sought to be admitted." Bourjaily v. United States, 483

---

[1] The Court notes that Kapp has not filed objections to the Government's proffer.

103

U.S. 171, 181 (1987).

In determining whether a statement was made "in furtherance" of the conspiracy, all that is necessary is a reasonable basis upon which the court could conclude that the statement furthered the objectives of the conspiracy. United States v. Shoffner, 826 F.2d 619, 628 (7th Cir. 1987). Under this standard, a statement can be considered "in furtherance of the conspiracy" even though it is susceptible to different interpretations or was not made exclusively (or even primarily) to further the conspiracy's objectives. Id.

So long as a statement is "part of the information flow between conspirators intended to help each perform his role" it is admissible. United States v. Van Daal Wyk, 840 F.2d 494, 499 (7th Cir. 1988). Statements that further the objectives of a conspiracy include those that: (1) are an attempt to recruit potential co-conspirators, see Shoffner, 826 F.2d at 628; (2) seek to control damage to an ongoing conspiracy, see Van Daal Wyk, 840 F.2d at 499; (3) are made to keep co-conspirators advised of the progress of the conspiracy, see United States v. Potts, 840 F.2d 368, 371 (7th Cir.1987); and (4) attempt to conceal the conspiracy, see United States v. Kaden, 819 F.2d 813, 820 (7th Cir.1987). Moreover, conversations dealing with "topics [such] as selling [drugs], arranging delivery and payment . . . have uniformly been held to have been made in furtherance of the conspiracy." Van Daal Wyk, 840 F.2d at 499.

Here, the Government alleges that from August to November of 1997, Kapp and Co-Defendants Steven Galecki and Kevin Ramsey, conspired and agreed to purchase, or caused to be purchased, live endangered animals, including tigers (*Panthera tigeris*) and leopards (*Panthera pardus*). These animals were allegedly confined at the Funky Monkey Animal Park in Crete, Illinois. While at the Funky Monkey Animal Park, Kapp and others allegedly shot and killed

2

these endangered animals while the animals were caged.

After shooting the animals, Kapp sold their meat to Czimer's Game and Sea Foods, Inc., in Lockport, Illinois, with the knowledge that the meat would be processed and sold to the public for human consumption. After the animals were skinned, Kapp caused their hides and skulls to be mounted and sold as trophies.

After reviewing the Government's Santiago proffer, this Court finds that the Government has shown by a preponderance of the evidence that it is "more likely than not" that Kapp and Co-Defendants Steven Galecki and Kevin Ramsey conspired to sell and purchase live endangered animals in violation of the ESA and the Lacey Act and that the recorded conversations between the Government's confidential informant ("CI") and Kapp and Kapp and undercover government agents ("UA") were in furtherance of the conspiracy. The recorded conversations between the CI, the UA, and Kapp concerned the purchase, slaughter, transport and sale of endangered species and the preparation of false paper work to hide the conspirators' illegal activity.

Accordingly, the Court finds that the Government's proffered coconspirator statements are conditionally admissible pursuant to Rule 801(d)(2)(E), subject to proof of the conspiracy at trial. See Santiago, 582 F.2d at 1131; Cox, 923 F.2d at 526.

## CONCLUSION

For the reasons set forth above, the Court finds that the Government's proffered coconspirator statements are conditionally admissible pursuant to Rule 801(d)(2)(E), subject to proof of the conspiracy at trial. See Santiago, 582 F.2d at 1131; Cox, 923 F.2d at 526.

ENTER:

BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: MAR 17 2003

4