# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 418 | **DATE** | March 19, 2003 |
| **CASE TITLE** | *United States of America v. Kapp* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ☐ [Other docket entry] For the reasons set forth in the attached order, the Court GRANTS the Government's motions in limine and DENIES Defendant Kapp's motion in limine. It is so ordered.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | MAR 2 0 2003 date docketed | |
| | Docketing to mail notices. | | | 107 |
| | Mail AO 450 form. | 03 MAR 20 AM 7:43 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED | | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | Hon. Blanche M. Manning |
| v. ) | |
| ) | 02 CR 418-1 |
| WILLIAM R. KAPP ) | |
| ) | |

**DOCKETED**
MAR 2 0 2003

## MEMORANDUM AND ORDER

The Government indicted Defendant William R. Kapp for violating the Endangered Species Act (16 U.S.C. §§ 1531, et seq.) ("the ESA") and the Lacey Act (16 U.S.C. §§ 3371, et seq.) and for conspiring to violate these acts, in violation of 18 U.S.C. § 371, for allegedly engaging in the slaughter and interstate sale of endangered wildlife, specifically tigers and leopards. The present matter comes before this Court on the parties' motions in limine.

### I. Government's Motions in Limine

The Government filed the following pretrial motions in limine: (1) to preclude evidence or argument intended to elicit jury nullification, including evidence: (a) that tigers and leopards are unworthy of protection under the ESA, (b) that the conduct by Kapp in this case was permissible, (c) of the potential penalties, and (d) of "outrageous Government conduct"; (2) to admit "other acts evidence," including evidence of other "non-cat" endangered species which were found stuffed and mounted in Kapp's home; (3) to preclude reference to the suicide of a local taxidermist in 1999; (4) to preclude reference to Kapp's disability; (5) to preclude drug use and prior arrests of the Government's witnesses without notice to the Government; and (6) to preclude Kapp from defining reasonable doubt. On the morning of the trial, because Kapp did not contest any of the above motions, this Court GRANTED the Government's motions in

107

limine.

**II.     Kapp's Motion in Limine**

Kapp has moved this Court, pursuant to Federal Rule of Evidence 403, to exclude the Government from using the mounted tigers and leopards seized from Kapp. "Relevant evidence" is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would have been without the evidence." Fed. R. Evid. 401. Thus, by definition, evidence that is relevant will "prejudice" one side or the other. Rule 403 bars the admission of relevant evidence only where its probative value is "<u>substantially outweighed</u> by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403 (emphasis added). <u>See also United States v. Lightfoot, Jr.</u>, 224 F.3d 586, 588 (7th Cir. 2000) (even relevant evidence may be excluded if prejudicial effect outweighs benefit jury would obtain from considering it, but balancing is "quintessential job for trial judge" who is in best position to weigh evidence). The comments explain that, as used in Rule 403, "unfair prejudice" means "an undue tendency to suggest decision on a improper basis, commonly, though not necessarily, an emotional one." Advisory Committee Notes, Fed. R. Evid. 403.

Applying the above principles, courts have permitted the use of autopsy photographs to help the jury understand a doctor's testimony, <u>United States v. Davidson</u>, 122 F.3d 531, 538 (8th Cir. 1997), and the use of photographs in the first World Trade Center bombing to help the jury understand the medical examiner's testimony.

Here, the Government intends to use the mounted animals to: (1) show Kapp's purpose in killing the animals; and (2) rebut Kapp's defense that the animals were not pure bred tigers or

2

leopards and therefore not protected under the ESA. The Government contends that its expert witness will testify that the mounted animals taken from Kapp's home were pure bred tigers and leopards. In testifying, the Government's expert will use the stuffed animals as demonstrative exhibits to help the jury understand why and how he has reached his conclusions. The Court thus finds that the mounted animals are certainly relevant in that they will assist the jury in understanding the evidence, including the testimony of the Government's expert witness. Additionally, the mounted animals are not so prejudicial that they will result in the jury deciding this case on emotion rather than the facts. Consequently, the Court finds that the admission of the mounted animals is not substantially outweighed by the danger of unfair prejudice, and thus not precluded by Rule 403.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the Government's motions in limine and DENIES Defendant Kapp's motion in limine. It is so ordered.

ENTER:

*Blanche M. Manning*
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 3-19-03